UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL J. S.,

                Plaintiff,

    v.                                                      5:24-cv-00134 (AMN/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **VERNON NORWOOD, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

On January 30, 2024, Plaintiff Daniel J. S.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act. Dkt. No. 1 ("Complaint").

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on February 3, 2025, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee note to 1983 addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.  DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart concluded that remand was warranted because the decision by the administrative law judge ("ALJ") did not meaningfully discuss certain medical evidence. Dkt. No. 17 at 6–9.  Specifically, Magistrate Judge Stewart determined that the ALJ's decision did not adequately analyze the supportability and consistency of several medical opinions.  *Id.; see also Raymond M. v. Comm'r of Soc. Sec.*, No. 19-cv-1313, 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) ("At their most basic, the amended regulations require that the ALJ explain her findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'") (quoting *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 11 (W.D.N.Y. 2021)).  And because the relevant portion of the ALJ's analysis was "too conclusory," Magistrate Judge Stewart was unable to deem the procedural error harmless. Dkt. No. 17 at 8–10.  While Magistrate Judge Stewart ultimately found remand appropriate, he also rejected several of Plaintiff's arguments, including that the ALJ had failed to fully develop the record.  *See, e.g., id.* at 10–11 & n.2.

The Court agrees with Magistrate Judge Stewart's findings and recommendations for the reasons set forth in the Report-Recommendation.  *See, e.g., Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order) ("Here, the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record.").

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 17; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 6, 2025
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge